# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2012

No. 12-30212
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY J. WOODS,

Plaintiff-Appellant

v.

LOUISIANA STATE UNIVERSITY HEALTH SCIENCE
CENTER AND MEDICAL CENTER OF
LOUISIANA AT NEW ORLEANS, in its official
capacity, erroneously named as
Louisiana State University Health Center-New Orleans;
WALTER RADOSTA, in his capacity as
Facility Maintenance Manager and personally;
MICHAEL BRAUD, in his capacity as
Interim Maintenance Foreman and personally;
ROXANNE A. TOWNSEND, Medical Doctor,
in her personal capacity;
DEBORAH BARTHOLOMEW, in her personal capacity;
PHILLIP KENNEDY, in his personal capacity;
ADLER VOLTAIRE; JAMES E. FORD;
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE;
BOARD OF SUPERVISORS FOR LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2609

Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Anthony Woods sued his former employer, Appellee Louisiana State University Health Science Center ("LSUHSC"), and various officials of LSUHSC, after being fired.  The complaint alleged civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986, as well as Louisiana Civil Code article 2315.  Finding no genuine issue of material fact, the district court granted LSUHSC's motion for summary judgment and dismissed Woods's suit with prejudice.  There being no reason to alter the sound reasoning of the court below, we AFFIRM.

To begin, Appellant's woefully inadequate briefing fails to establish any genuine issue of material fact regarding his termination from LSUHSC: this court cannot rule merely on conclusory allegations.  But even if we overlook this deficiency, we agree with the district court's conclusion that no civil rights violation took place.  Further, the record shows that the proffered "new evidence" in this case was both available and apparent prior to the district court's summary judgment ruling; Appellant's primary argument is thus precluded.  *See, e.g.*, *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767 (5th Cir. 1995).  Not only was the new evidence not brought to the attention of the district court prior to appeal, *it's not new*.

**AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.